UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| FALCON RE INVESTMENTS, LLC, § <br> AS AGENT FOR CAROLE § <br> HARDEN SEXTON, § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> WELLS FARGO BANK, N.A., § <br> § <br> Defendant. § | Cv. No. SA:13-CV-412-DAE |

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT

On June 13, 2013, Plaintiff filed a Motion for Leave of Court to Amend Pleadings. (Doc. # 6 ("Motion").) Plaintiff insists that "an amendment is necessary to covert the state court pleadings to federal form, to address a typographical error made in the pleading and to address the issues raised in the [Defendant's] motion [to dismiss]." (Id. at 1.)

At the time of filing, the Motion was unopposed. (See id.) However, on June 14, 2013, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed an Advisory to the Court pointing out that Plaintiff's proposed Amended Original Complaint was "identical to Plaintiff's Original Petition in all relevant respects." (Doc. # 13 at 1.) Indeed, the only differences between the documents

1

are: (1) Plaintiff altered the style and the title of the Amended Complaint; (2) Plaintiff added a certificate of service to the Amended Complaint; and (3) Plaintiff omitted a verification from the Amended Complaint.  (Compare doc. # 6-1 at 1, 10 with doc. # 1-1 at 13, 21–22.)

While a plaintiff is entitled to amend within twenty-one days of service of a pleading that requires a response, see Rule 15(a)(1)(B), that amendment must be a true amendment—one that adds a factual allegation, adds a cause of action, or makes some other substantive change.  Not only did Plaintiff make no substantive changes, it does not appear that Plaintiff made any changes at all to the body of the Complaint.  In light of this fact, the purpose of the proposed Amended Complaint quite clearly was not to "address the issues raised in [Defendant's] motion."  (Doc. # 6 at 1.)  And if Plaintiff "address[ed] a typographical error" (doc. # 6 at 1), the Court cannot find that change, either.

In its Response to Defendant's Motion to Dismiss, Plaintiff contends that "Defendants [sic] motion to dismiss is moot because it addresses the Amended Complaint [sic]."[1]  (Doc. # 7 at 1.)  Plaintiff requests that the Court deny Defendant's Motion to Dismiss "as moot because the amended pleading clearly addresses all of the Defendant's prior complaints."  (Id.)  Again, in light of the fact

---

[1] Plaintiff appears to have meant that Defendant's Motion to Dismiss is moot because it addresses Plaintiff's Original Petition, which Plaintiff claims is materially different from the proposed Amended Original Complaint.

that the amended Complaint <u>does not appear to change a single word</u>, the Court finds this assertion incredible.  The Court can draw no other conclusion from Plaintiff's proposed Amended Original Complaint and Plaintiff's Response to Defendant's Motion to Dismiss than that Plaintiff is merely attempting to needlessly delay these proceedings.

The Court will not permit Plaintiff to do so.  "A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile." <u>Martin's Herend Imports, Inc. v. Diamond & Gem Trading</u>, 195 F.3d 765, 771 (5th Cir.1999).  The Court can hardly fathom a more frivolous motion to amend than one effectively requesting to re-file the same complaint.  Accordingly, Plaintiff's Motion for Leave of Court to Amend Pleadings (doc. # 6) is **DENIED.**  In addition, the Court reminds Plaintiff's counsel that, as an officer of the court, filing a frivolous motion solely for the purpose of delay is a breach of duty to this Court—a breach of duty that can be sanctionable.  <u>See</u> Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge . . . it is not being presented for any improper purpose . . . ."); Tex. Disciplinary R. Professional Conduct 3.01 cmt. 2 ("All judicial systems prohibit, at a minimum, the filing of frivolous or knowingly false pleadings, motions, or other papers . . . ."); Local Rule AT-7 (adopting the Texas Disciplinary Rules of Professional Conduct as the standards of

professional conduct of this court; providing for discipline of attorneys who have violated the Texas Disciplinary Rules).

Plaintiff has already filed a Response addressing the merits of Defendant's Motion to Dismiss.  (See doc. # 7 at 1 (arguing that Defendant's Motion to Dismiss is moot but explaining that, "[i]n an abundance of caution, Plaintiff files the following response . . . .").)  Accordingly, Plaintiff need not and may not file another Response in opposition to Defendant's Motion.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, July 18, 2013.

_____
David Alan Ezra
Senior United States District Judge